# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LINDERMAN,<br><br>    Petitioner,<br><br>    v.<br><br>HEIDI LACKNER,<br><br>    Respondent. | Case No. 1:14-cv-01481-LJO-GSA-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(ECF No. 17) |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 22, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1). In the instant petition, Petitioner challenges his 2011 conviction in the Superior Court of San Bernardino County for kidnapping, sexual battery by restraint, soliciting a bribe, soliciting to engage in lewd conduct, and oral copulation under color of authority. On March 16, 2015, Respondent filed a motion to transfer this action to the Central District of California. (ECF No. 17). On March 22, 2015, Petitioner filed an opposition to Respondent's motion to transfer this action. (ECF No. 18). On March 25, 2015, Respondent filed a reply to Petitioner's opposition. (ECF No. 19).

When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is

presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). The instant petition attacks a judgment of conviction that was entered in the San Bernardino County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). Petitioner is presently confined at Sierra Conservation Center located in Jamestown, California, located in Tuolumne County, which is within the jurisdictional bounds of the Eastern District of California. See 28 U.S.C. § 84(b). Thus, jurisdiction exists in both the Eastern and Central Districts of California.

Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

As Petitioner challenges his 2011 conviction from a judgment issued by the San Bernardino County Superior Court, venue is proper in the district of conviction, the Central District of California, Eastern District. Although Petitioner argues that the petition should not be transferred to the Central District because it would be a hardship for him to appear at hearings in the Central District, at this time, there are no hearings set in this case. Although Petitioner claims that it would be a great hardship for him to have to go to the Central District for any hearings, he has not shown that the interests of justice favor the petition remaining in the Eastern District. As Respondent points out, there are eleven victims in this case who reside in the Central District and the material events of this case occurred in the Central District. If the United States District Court for the Central District of California orders that an evidentiary hearing be held, the critical

witnesses will be in the Central District and the pertinent records are located there. Therefore, in the interests of justice, the Central District is the appropriate venue for this action at this time.

Accordingly, the Court HEREBY ORDERS that Respondent's motion to transfer the petition be GRANTED and the petition for writ of habeas corpus be TRANSFERED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **April 6, 2015**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE